IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA JOINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-8450 |
| | ) | |
| | ) | Judge Sara L. Ellis |
| | ) | |
| ILLINOIS DEPARTMENT OF HUMAN | ) | **JURY DEMANDED** |
| SERVICES and ILLINOIS DEPARTMENT OF | ) | |
| CENTRAL MANAGEMENT SERVICES, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, CYNTHIA JOINER, by and through her attorney, Matthew J. Kowals of MORSE, BOLDUC & DINOS LLC, and for her First Amended Complaint directed against Defendants ILLINOIS DEPARTMENT OF HUMAN SERVICES (hereinafter referred to as "IDHS") and ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES (hereinafter referred to as "IDCMS") pleads as follows:

## NATURE OF THE ACTION

1.     This lawsuit is an action which brings certain count(s) for racial discrimination and gender discrimination arising from CYNTHIA JOINER'S termination from employment with IDHS in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.

2.     The lawsuit contains certain count(s) for age discrimination arising out of CYNTHIA JOINER'S termination from employment with IDHS in

violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*

3.    The lawsuit contains count(s) for racial discrimination impairing CYNTHIA JOINER'S rights under a contract to which she was a party in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, *et seq.*

## JURISDICTION AND VENUE

4.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Civil Rights Act of 1866.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4).

5.    Venue is proper is this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Cook County, Illinois and both Defendants maintain offices and conduct business within Cook County, Illinois which is located within the Northern District of Illinois.

## PARTIES

6.    Plaintiff CYNTHIA JOINER is a resident of South Holland, Illinois and a citizen of the State of Illinois.  The Plaintiff, an African-American female, was born February 15, 1964 at and at all times relevant to the Complaint was over 40 years old.  Plaintiff was employed by IDHS from 1986 until her discharge on January 31, 2011.

7.    Defendant IDHS is an agency and/or instrumentality of the State of Illinois.  It is one of Illinois' largest agencies with more than 13,000 employees and an annual budget of over $5.4 billion.  It provides various services to Illinois

residents, including but not limited to administration and oversight of Community Integrated Living Arrangements (hereinafter referred to as "CILA's") which provide housing for developmentally disabled individuals. IDHS is an "employer" under 42 U.S.C. § 2000e(b) and under 29 U.S.C. § 630(b). IDHS has a main office located at 401 S. Clinton Street in Chicago, Illinois.

8. Defendant IDCMS is an agency and/or instrumentality of the State of Illinois and provides services to other state agencies, including to IDHS. At all relevant times IDCMS provided personnel management services to IDHS, including services relating to the hiring and termination of Plaintiff CYNTHIA JOINER by IDHS. IDCMS is an "employer" under to 42 U.S.C. § 2000e and 29 U.S.C. § 630(b) because it is an "employment agency." IDCMS has a main office located at 100 W. Randolph, Chicago, Illinois.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9. Plaintiff CYNTHIA JOINER filed a Charge of Discrimination, Charge No. 440-2013-05115, with the Chicago District Office of the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") on August 13, 2013. The filing charged IDHS with racial discrimination, age discrimination, and sex (gender) discrimination. (See Charge of Discrimination attached as Exhibit "A").

10. The EEOC terminated its processing of Plaintiff CYNTHIA JOINER'S Charge of Discrimination and issued a Dismissal and Notice of Rights dated August 16, 2013. (See Dismissal and Notice of Rights attached as Exhibit "B"). The Dismissal and Notice of Rights was initially not mailed to CYNTHIA JOINER, requiring her to call the agency and request the document. Plaintiff

CYNTHIA JOINER eventually received the document on August 31, 2013. She commenced her lawsuit on November 22, 2013 and thus this lawsuit has been timely commenced within the 90 day period of her receipt of the Dismissal and Notice of Rights by mail.

## **BACKGROUND**

11.     Plaintiff CYNTHIA JOINER began her employment with IDHS in 1986. She became a Social Services Program Planner with the Chicago office in 2005.

12.     At all times relevant to this Complaint the Plaintiff was a Social Services Program Planner in the IDHS Bureau of Quality Management, located at 100 West Randolph Street in Chicago, Illinois.

13.     The Plaintiff's duties as a Social Services Program Planner for IDHS included oversight and auditing of the CILA's within the Chicago offices' specified region, that being all CILA locations north of Springfield, Illinois.

14.     In order to oversee and audit the numerous CILA's within the Chicago offices' specified region, the Plaintiff was frequently required to travel to the various CILA locations.

15.     In traveling to the various CILA locations, the Plaintiff was free to either use her own automobile or to utilize various Enterprise rental vehicles by and through an arrangement and agreement between IDHS and Enterprise.

16.     Throughout the years 2006 to 2009, the Plaintiff utilized Enterprise rental vehicles to travel to the various CILA's that she was overseeing and auditing. She also employed use of her own personal motor vehicle to travel to the various CILA's during this timeframe.

17.     That prior to her usage of the Enterprise rental vehicles, and in derogation of internal IDHS policy, the Plaintiff never received training pertaining to the type of travel reimbursements she could claim when using an Enterprise vehicle; i.e. whether she could be reimbursed for mileage, for gas expenditures, or for both.

18.     Additionally, at all times relevant to this Complaint, the Plaintiff was instructed by her superiors at IDHS that she could claim mileage reimbursements or alternatively gas expenditures for her travel while using an Enterprise vehicle.

19.     That IDHS, acting upon the advice of employees of IDCMS, discharged the Plaintiff from her employment with IDHS on January 31, 2011.

20.     That the IDHS's (again acting upon the advice and consultation of IDCMS) stated reason for the Plaintiff's discharge was that the Plaintiff had improperly requested and obtained mileage reimbursement when using Enterprise vehicles on 25 occasions between 2006 and 2009.

21.     At all times relevant to this Complaint similarly situated male employees of IDHS who were not of African-American descent and were not of the age of the Plaintiff also obtained mileage reimbursements when using Enterprise rental vehicles by and through their employment with IDHS.

22.     That the aforementioned male employees, who were not of African-American descent and were not of the Plaintiff's age were not discharged from their employment with IDHS, despite IDHS and IDCMS's knowledge that the male employees had obtained mileage reimbursements when using Enterprise rental vehicles.

23.     That at all times relevant to this Complaint there existed a contract in force and effect between the American Federation of State, County and Municipal Employees (hereinafter referred to as "AFSCME") and the State of Illinois and IDCMS.  The contract is attached hereto as Exhibit "C".

24.     At all times relevant to the Complaint, Plaintiff CYNTHIA JOINER was a member of AFSCME and was a party to the contract between AFSCME, IDCMS and the State of Illinois.

<u>**COUNT I**</u>
**(IDHS and IDCMS)**
**(Violation of Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e-2(a) – Race)**

1 – 24.  The Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 24 of this Complaint herein as part of this Count I.

25.     The Plaintiff's race is African-American.

26.     The Defendants discriminated against the Plaintiff because of her race when discharging her and terminating her employment with IDHS.

27.     The Defendants' conduct in discharging the Plaintiff for ostensibly claiming mileage reimbursements when using Enterprise vehicles, and not discharging similarly situated Caucasian employees for identical conduct, that being claiming mileage reimbursements when using Enterprise rental vehicles, was discriminatory and in violation of the Plaintiff's civil rights.

28.     The Plaintiff, an African-American, was treated differently than other similarly situated Caucasian IDHS employees when she was discharged from her employment for conduct identical to that of the Caucasian employees who were not discharged.

29.     Upon information and belief, the unlawful discriminatory practices by the Defendants, as set forth above, were intentional.

30.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.  Plaintiff has also suffered emotional distress as well as disruption of her personal life, ability to pay her mortgage, and damage to her employment reputation.

WHEREFORE, the Plaintiff prays that judgment will be entered against the Defendants for all appropriate legal and equitable relief, including but not limited to lost wages and benefits, back pay, front pay and/or reinstatement with accumulated service and/or seniority credits, liquidated/double damages, actual damages, compensatory damages, pre-judgment interest, attorneys' fees, cost of suit, and any and all other relief this Court deems equitable and just.

## COUNT II
### (IDHS and IDCMS)
### (Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(2) – Sex)

1 – 24.  The Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 24 of this Complaint herein as part of this Count II.

25.     The Plaintiff's gender is female.

26.     The Defendants discriminated against the Plaintiff because of her sex when discharging her and terminating her employment with IDHS.

27.     The Defendants' conduct in discharging the Plaintiff for ostensibly claiming mileage reimbursements when using Enterprise vehicles, and not discharging similarly situated male employees for identical conduct, that being

claiming mileage reimbursements when using Enterprise rental vehicles, was discriminatory and in violation of the Plaintiff's civil rights.

28.     The Plaintiff, a female, was treated differently than other similarly situated male IDHS employees when she was discharged from her employment for conduct identical to that of the male employees who were not discharged.

29.     Upon information and belief, the unlawful discriminatory practices by the Defendants, as set forth above, were intentional.

30.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.  Plaintiff has also suffered emotional distress as well as disruption of her personal life, ability to pay her mortgage, and damage to her employment reputation.

WHEREFORE, the Plaintiff prays that judgment will be entered against the Defendants for all appropriate legal and equitable relief, including but not limited to lost wages and benefits, back pay, front pay and/or reinstatement with accumulated service and/or seniority credits, liquidated/double damages, actual damages, compensatory damages, pre-judgment interest, attorneys' fees, cost of suit, and any and all other relief this Court deems equitable and just.

### COUNT III
### (IDHS and IDCMS)
### (ADEA – Age Discrimination)

1 – 24.  The Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 24 of this Complaint herein as part of this Count III.

25.     The Plaintiff, at all times relevant to this Complaint, was over 40 years old.

26.     The Defendants discriminated against the Plaintiff because of her age when discharging her and terminating her employment with IDHS.

27.     The Defendants' conduct in discharging the Plaintiff for ostensibly claiming mileage reimbursements when using Enterprise vehicles, and not discharging similarly situated employees younger than the Plaintiff and under 40 years old for identical conduct, that being claiming mileage reimbursements when using Enterprise rental vehicles, was discriminatory and in violation of the Plaintiff's civil rights.

28.     The Plaintiff, a female over the age of 40 years old, was treated differently than other similarly situated IDHS employees when she was discharged from her employment for conduct identical to that of the employees younger than her and under the age of 40 years old who were not discharged.

29.     Upon information and belief, the unlawful discriminatory practices by the Defendants, as set forth above, were intentional.

30.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.  Plaintiff has also suffered emotional distress as well as disruption of her personal life, ability to pay her mortgage, and damage to her employment reputation.

WHEREFORE, the Plaintiff prays that judgment will be entered against the Defendants for all appropriate legal and equitable relief, including but not limited to lost wages and benefits, back pay, front pay and/or reinstatement with accumulated service and/or seniority credits, liquidated/double damages, actual damages, compensatory damages, pre-judgment interest, attorneys' fees, cost of

suit, and any and all other relief this Court deems equitable and just.

**COUNT IV**
**(IDHS and IDCMS)**
**(42 U.S.C. § 1981 - Race)**

1 – 24. The Plaintiff reaffirms and realleges the allegations contained in Paragraphs 1 through 24 of this Complaint herein as part of this Count IV.

25.     That at all times relevant to the Complaint the Plaintiff was African-American.

26.     That all times relevant to the Complaint the Plaintiff was a party to the AFSCME contract attached as Exhibit C in that she was a member of AFSCME.

27.     That pursuant to the contract, the Plaintiff had certain rights, benefits, and privileges, including but not limited to the benefit of enjoying her employment relationship free of discrimination, her seniority status and pay grade, and the right to various disciplinary safeguards.

28.     That the Defendants' intentional discriminatory conduct and discharge of the Plaintiff on the basis of race curtailed her enjoyment of the benefits, privileges, terms and conditions of the contract between AFSCME and the State of Illinois and IDCMS, in direct violation of 42 U.S.C. § 1981.

29.     As a direct and proximate result of Defendants' violation of the 42 U.S.C. § 1981, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.  Plaintiff has also suffered emotional distress as well as disruption of her personal life, ability to pay her mortgage, and damage to her employment reputation.

WHEREFORE, the Plaintiff prays that judgment will be entered against

the Defendants for all appropriate legal and equitable relief, including but not limited to lost wages and benefits, back pay, front pay and/or reinstatement with accumulated service and/or seniority credits, liquidated/double damages, actual damages, compensatory damages, pre-judgment interest, attorneys' fees, cost of suit, and any and all other relief this Court deems equitable and just.

Respectfully submitted,


/s/ Matthew J. Kowals

Matthew J. Kowals
Morse, Bolduc & Dinos LLC
25 E. Washington, Ste. 750
Chicago, IL 60602
(312) 251-2577
mkowals@morseandbolduc.com