UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA JOINER,

    Plaintiff,

  v.

ILLINOIS DEPARTMENT OF HUMAN SERVICES and ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES,

    Defendant.

No. 13 CV 8450

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

Cynthia Joiner worked for the Illinois Department of Human Services, in a job that required travel. She was fired, purportedly for obtaining reimbursements for improper travel expenses. Joiner is Black and female, and was 47 years old when she was fired. She later learned that younger, non-Black, male employees obtained similar reimbursements but were not fired. Joiner sued DHS under Title VII and the Age Discrimination in Employment Act.[1] She also sued the Illinois Department of Central Management Services, which she alleges acts as an employment agency for DHS. Defendants now move to dismiss. For the reasons discussed below, defendants' motion is granted.

---

[1] In Count IV of her amended complaint, Joiner asserted a claim under 42 U.S.C. § 1981. But when defendants raised the issue, Joiner "concede[d] that her Section 1981 claims against the instant defendants are barred by the 11th Amendment, and as such acquiesce[d] to the dismissal of Count IV of her Amended Complaint." [22] at 2–3, 10. Count IV is accordingly dismissed.

I. **Legal Standards**

Defendants' motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. I therefore construe the complaint in the light most favorable to Joiner, accept as true all well-pleaded facts, and draw reasonable inferences in her favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Statements of law, however, need not be accepted as true. *Id.* Rule 12(b)(6) limits my consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

"A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Dismissal based on the expiration of the statute of limitations is proper where the plaintiff fails to respond to arguments made in a motion to dismiss. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007).

II. **Facts[2]**

Joiner is a Black woman, born on February 15, 1964. FAC ¶ 6. She began working for DHS in 1986. FAC ¶ 6. At the times relevant to this suit, her job

---

[2] The facts are taken from the first amended complaint [12], which is cited as "FAC."

required frequent travel. FAC ¶¶ 12–14. For that travel, Joiner sometimes used her own car, and other times used rental cars, as she was allowed to do. FAC ¶¶ 15–16. On January 31, 2011, Joiner was fired, purportedly for seeking and obtaining "mileage reimbursements" for trips on which she used rental cars. FAC ¶¶ 19–20.

On November 13, 2012, Joiner learned that younger, non-Black, male employees had also obtained mileage reimbursements when using rental cars, but were not fired. FAC ¶¶ 21–22; FAC Ex. A. On August 13, 2013, Joiner filed charges of race, sex, and age discrimination with the Equal Employment Opportunity Commission. FAC ¶ 9. The EEOC charge named DHS as a defendant. FAC ¶ 9. It did not name CMS. FAC Ex. A.

### III. Analysis

Defendants argue that Joiner's claims are time-barred because she waited too long to file her EEOC charge. [17] at 9–10. Before an Illinois plaintiff can bring a Title VII or ADEA suit in federal court, she must file a charge of discrimination with the EEOC, and (in the normal case) must do so within 300 days of the unlawful employment practice. *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014) (concerning Title VII, citing 42 U.S.C. § 2000e-5(e)(1)); *Casteel v. Exec. Bd. of Local 703 of the Int'l Bhd. of Teamsters*, 272 F.3d 463, 466 (7th Cir. 2001) (concerning ADEA, citing 29 U.S.C. § 626(d)). Joiner was fired on January 31, 2011, but did not file her EEOC charge until August 13, 2013—925 days later. She argues that because she did not learn until November 13, 2012, that younger, non-Black, male employees had been treated better, her EEOC charge was timely. In so

arguing, she invokes both the "discovery rule" and the doctrine of equitable tolling. [22] at 8–10.

Under the "discovery rule," a claim does not accrue—so the limitations period does not begin—until the plaintiff discovers that she has been injured (which, in some cases, can be some time after the injury occurred). *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). The discovery rule does not help Joiner because her injury was being fired, which she discovered right when it happened. *See Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995). That she did not immediately suspect that her termination was unlawful is relevant to equitable tolling, but not the discovery rule. *Id*.

Under equitable tolling, "[a] plaintiff may toll the statute of limitations if, despite all due diligence, he is unable to obtain enough information to conclude that he may have a discrimination claim." *Id*. at 268; *Cada*, 920 F.2d at 451. Joiner alleges that she obtained the requisite information on November 13, 2012. [22] at 9; FAC Ex. A. Defendants do not argue that Joiner learned, or should have learned, this information earlier. Therefore, for present purposes, Joiner has sufficiently invoked equitable tolling, meaning that an EEOC charge filed sometime after November 13, 2012, can still be considered timely.

Defendants argue, however, that equitable tolling does not save Joiner's complaint because she did not file her EEOC charge within a *reasonable time* after November 13, 2012. [17] at 10–11. Equitable tolling merely *tolls* the statute of limitations, it does not restart it entirely (or postpone its beginning, like the

4

discovery rule). *Thelen*, 64 F.3d at 268; *Cada*, 920 F.2d at 452–53. A plaintiff invoking equitable tolling must file her complaint within a "reasonable time" after discovering the necessary information. *Thelen*, 64 F.3d at 268; *Cada*, 920 F.2d at 453. A "reasonable time" is the time necessary to prepare the complaint. *Elmore v. Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2009) (stating that plaintiff needed to bring suit "as soon as he could" and "as soon as possible"); *Cada*, 920 F.2d at 452 ("[Equitable tolling] gives the plaintiff extra time if he needs it. If he doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations."). Accordingly, there is no merit to Joiner's argument that she filed her EEOC charge within a reasonable time simply because it would have been timely if the limitations clock was restarted entirely. *See* [22] at 10.

In *Cada*, the plaintiff brought a claim for age discrimination under the ADEA. He was fired on May 5, but did not discover the relevant information—that he was replaced by someone younger—until July 7. The Seventh Circuit stated that he could have prepared an EEOC charge "within days" of July 7, and held that equitable tolling did not apply to his delay of over eight months. *Cada*, 920 F.2d at 452–53. In *Thelen*, which involved a similar fact pattern, the Seventh Circuit stated that the plaintiff could have filed his complaint "within days, and at most weeks," of discovering the relevant information, and held that equitable tolling did not apply due to his ten-month delay. *Thelen*, 64 F.3d at 268–29. The Seventh Circuit and district courts in this district have, for similar reasons, rejected equitable tolling arguments at the pleadings stage. *Elmore*, 227 F.3d at 1013 (plaintiff delayed for

5

four months); *Stuart v. Local 727, Int'l Bhd. of Teamsters*, 2014 U.S. Dist. LEXIS 34872, *7–8 (N.D. Ill. 2014) (rejecting equitable tolling argument and dismissing claims as untimely); *Lee v. Nw. Univ.*, 2010 U.S. Dist. LEXIS 69582, *10–11 (N.D. Ill. 2010) (same).

Joiner's EEOC charge is a simple one-page document. FAC Ex. A. Aside from the fact that younger, non-Black, male employees were treated better, it alleges only facts that she was aware of at the time she was fired. After learning that younger, non-Black, male employees were treated better, she waited more than nine months to file her EEOC charge. Although *Elmore*, *Thelen*, and *Cada* were all cited in defendants' opening brief, Joiner offers no explanation for her lengthy delay. Given the Seventh Circuit precedent discussed above, equitable tolling does not save her complaint, which is therefore untimely.[3]

---

[3] As to defendant CMS, an alternative basis for dismissal exists: Joiner's EEOC charge did not name CMS as a defendant. FAC Ex. A. Joiner argues that "one could reasonably expect that the EEOC investigation would grow to encompass CMS. . . ." [22] at 5. But that is not the correct inquiry. As Joiner herself acknowledges ([22] at 4), a party not named in an EEOC charge cannot be sued in the subsequent, related civil action, unless that "party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666–67 (7th Cir. 2013). "[T]he fact that one entity had notice of the charges against it is insufficient to satisfy the [] exception as to a related entity that did not have notice of a charge against it or an opportunity to conciliate that charge." *Id.* at 667. *See also Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008); *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001). Joiner did not allege—either in her complaint or in opposition to defendants' motion—that CMS had notice of the EEOC charge against it or an opportunity to conciliate that charge. Joiner's failure to exhaust administrative remedies warrants dismissal of her Title VII and ADEA claims against CMS.

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss [16] is granted.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 10/8/14